## E. W. GLOVER *v.* R. H. DIXON

84-231                                          688 S.W.2d 930

Supreme Court of Arkansas
Opinion delivered March 4, 1985

*Guy Jones, Jr., P.A.,* for appellant.

*Laser, Sharp & Huckabay, P.A.,* for appellee.

DAVID NEWBERN, Justice. This case arose from a collision of two pickup trucks at an intersection of two unpaved country roads. The question presented is whether the court should have given instructions based on the statutory rules of the road despite evidence that one of the roads was on private property. As we must determine the

applicability of certain statutes, our jurisdiction arises from Arkansas Supreme Court and Court of Appeals Rule 29. 1. c.

The plaintiff Glover was coming from the defendant Dixon's right hand side. He asked the court to instruct, in accordance with Arkansas Model Jury Instruction 904, that the vehicle on the left must yield the right-of-way when two vehicles approach an intersection at the same time. The instruction is based on Ark. Stat. Ann. § 75-621(b) (Repl. 1979) which says,

> When two vehicles enter an intersection from different highways at the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

Glover also asked the court to instruct the jury in the specific terms of the statute and in accordance with AMI 903.

The AMI 904 instruction and the statute use the terms "intersection" and "highways." In refusing the instructions the court said, in part,

> . . . the court believes, based on the testimony, that this was an intersection of a county road some two lanes wide with maintained ditches and a private road belonging to the timber company barely wide enough for two cars to pass. . . .

The facts as to the relative widths and state of maintenance of the two roads were disputed. There was evidence that the road on which the plaintiff travelled was on privately owned land, but there was no evidence taken on whether it was a private road.

Ark. Stat. Ann. § 75-412(b) (Repl. 1979) defines "private road" as one "in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by others." Ark. Stat. Ann. § 75-412(a) (Repl. 1979) defines a "highway" as being "open to the use of the public, as a matter of right, for purposes of vehicular traffic."

An "intersection" is defined as a place at which two "highways" come together. Ark. Stat. Ann. § 75-413 (Repl. 1979).

As we said in *Louisiana & A. Ry.* v. *O'Steen,* 194 Ark. 1125, 110 S.W.2d 488 (1938), an instruction is not objectionable if the objection assumes facts in dispute. Nothing in the record before the trial court or before this court could be viewed as conclusive on the issue whether the public had the right to use the road on which the plaintiff entered the alleged intersection. If the road on which the plaintiff travelled fit the definition of a "highway," the instructions sought would have been appropriate. The evidence that the road was on private property was insufficient to reach the conclusion that the instructions should not have been given. The jury should have been allowed to decide whether the road travelled by the plaintiff was a "highway."

Reversed and remanded for a new trial.